
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MALIKA JUNAYEVNA ABDURAHMONOVA, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 14-73879 <br><br> Agency No. A088-551-231 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 2, 2017[**]
Pasadena, California

Before:  KLEINFELD, GRABER, and CHRISTEN, Circuit Judges.

Petitioner Malika Junayevna Abdurahmonova, a native and citizen of

Uzbekistan, petitions for review of an adverse decision by the Board of

Immigration Appeals ("BIA") on her claims for asylum and withholding of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

removal. She does not challenge the BIA's adverse decision with respect to her application for Convention Against Torture relief. We deny the petition.

1. The BIA's finding that Petitioner failed to establish eligibility for asylum is supported by substantial evidence. See Zhiqiang Hu v. Holder, 652 F.3d 1011, 1016 (9th Cir. 2011) (describing standard of review). The BIA affirmed the immigration judge's finding that Petitioner suffered retaliation not because of a political opinion or imputed political opinion, but instead because of her "interfer[ence] with criminal activity" by human traffickers.[1] The record does not compel a contrary finding.

2. The BIA incorrectly applied the "one central reason" standard to the claim for withholding of removal, a standard that applies only to the claim for asylum. See Barajas-Romero v. Lynch, 846 F.3d 351, 358–59 (9th Cir. 2017) (holding that a less-exacting standard applies to claims for withholding). But we need not remand this case to the BIA because doing so would be "an idle and useless formality." NLRB v. Wyman-Gordon Co., 394 U.S. 759, 766 n.6 (1969). Given the agency's finding that there was no nexus between the harm and a protected ground, neither the BIA's basic reasoning nor the result would change.

**Petition DENIED.**

---

[1] Petitioner no longer asserts that she experienced persecution on account of membership in a particular social group.

2